```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF VIRGINIA
                         Abingdon Division


- - - - - - - - - - - - - - - - - - -
                                     )
   THE CITY OF BRISTOL,              )
   TENNESSEE,                        )
                                     )   CIVIL ACTION NO.
                 Plaintiff,          )   1:22-cv-23
                                     )
   v.                                )
                                     )
   THE CITY OF BRISTOL, VIRGINIA,    )
                                     )
                 Defendant.
- - - - - - - - - - - - - - - - - - -


                    TRANSCRIPT OF PROCEEDINGS

                       (Status Conference)

                       Abingdon, Virginia

                         July 20, 2022



BEFORE:  THE HONORABLE JAMES P. JONES
         Senior United States District Judge.
         Western District of Virginia


APPEARANCES:

For the Plaintiff:

         MICHAEL EDWARD LACY, ESQ.
         ANDREA WEST WORTZEL, ESQ.
         Troutman, Pepper, Hamilton, Sanders, LLP
         1001 Haxall Point, Suite 1500
         Richmond, VA  23219
         804.697.1406
         michael.lacy@troutman.com
         andrea.wortzel@troutman.com
```

1  Appearances (Continued):
2          **ERWIN LYNN DOUGHERTY, ESQ.**
           E. Lynn Dougherty, Attorney at Law
3          131 Eighth Street
           Bristol, TN  37620
4          423.764.1313
           dougherty@eldlaw.com
5
   Counsel for Defendant:
6
           **JIM H. GUYNN, JR., ESQ.**
7          Guynn & Waddell, PC
           415 S. College Avenue
8          Salem, VA  24153
           540.387.2320
9          jimg@guynnwaddell.com
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1             (Proceedings commenced at 2:30 p.m.)
2             THE COURT:  Good afternoon, ladies and gentlemen.
3    The clerk will call the case.
4             THE CLERK:  City of Bristol Tennessee versus the
5    City of Bristol Virginia, civil action 1:22cv23.
6             THE COURT:  We're here today on a status report and
7    meeting in this civil case.  If counsel would enter their
8    appearances and introduce anyone who is with them; first for
9    the plaintiff.
10            MR. LACY:  Good afternoon, Your Honor.  Michael Lacy
11   from Troutman Pepper on behalf of the plaintiff, City of
12   Bristol Tennessee.  With me is my partner Andrea Wortzel and
13   Mr. Lynn Dougherty, and with us is our client Danielle Smith.
14            THE COURT:  All right.  Thank you.
15            MR. GUYNN:  Good afternoon, Your Honor.  Jim Guynn.
16   I'm here on behalf of Bristol, Virginia, and Randy Eads is
17   here as the city manager for the City of Bristol.
18            THE COURT:  Thank you.  Let me hear first from
19   counsel in regard to their view as to matters that we need to
20   take up in this proceeding today; first from the plaintiff.
21   If counsel wouldn't mind coming to the lectern.
22            MR. LACY:  Sure.  Your Honor, again, Michael Lacy
23   for plaintiff, Bristol. Tennessee.
24            As the Court is aware, Bristol, Tennessee, filed its
25   complaint along with a motion for preliminary injunction that

1  fortunately the parties were able to resolve through an
2  agreed order which the Court entered back on June 14th.
3         Pursuant to that preliminary injunction, Bristol,
4  Virginia.  Has certain obligations that it must satisfy by
5  date certain based on the entry of the order.  None of those
6  deadlines have come yet, but they are coming due.
7         So as set forth in the preliminary injunction order,
8  my client, Bristol, Tennessee, has the right to inspect the
9  property or the landfill -- of course, this case is about the
10 Bristol, Tennessee, or the Bristol, Virginia, landfill -- has
11 the right to inspect the landfill to make sure of compliance
12 with this Court's order, and we intend to do so.
13         We also have the right to engage in discovery to
14 ensure compliance with the Court's preliminary injunction
15 order, which we intend to do so at the appropriate time, but
16 as the preliminary injunction order stated, it stated all
17 remaining deadlines with respect to the case.
18         Frankly, because in talking with Mr. Guynn and his
19 client, we want to get this order settled, entered, and start
20 the process to what my client believes to be rectifying the
21 alleged violations of federal law set forth in our complaint
22 and, frankly, dealing with the odor issues that have been at
23 issue for my client for the past couple of years.
24         I think the matters to take up today specifically
25 are Bristol, Virginia, has not filed any responsive pleadings

with respect to our complaint.  Again, that's done pursuant to the stay of the deadline set forth in the preliminary injunction order; however, I think the time has come where setting a deadline for responsive pleadings would be appropriate.

Likewise, while the preliminary injunction order certainly dealt with some of the more immediate issues or forms of relief requested in the complaint, there are additional requests for relief that still need to be litigated should they not be able to be resolved.

So we think it's appropriate to have a scheduling order entered, and whether we go back and try to come up with one to present to the Court, or whether the Court would like to be more involved in that process in the first instance, obviously I'd defer to the Court.

So those are a couple of things that I think we can address today.  Again, we're hopeful that there will be compliance with the preliminary injunction order.  We do have some concerns about it.

As the Court may know, Bristol, Virginia, did submit a report to the Virginia Department of Environmental Quality that touches on some of the issues dealt with in the preliminary injunction order, and some of the timing in that report seems to be potentially inconsistent with the deadlines set forth in the preliminary injunction order.

1  But, again, those deadlines have not come to pass, so we
2  don't necessarily want to jump the gun.
3         We hope we won't be back in front of you as it
4  relates to enforcement of that preliminary injunction order,
5  but that is an issue to be dealt with as necessary.
6         THE COURT:  Let me ask you a couple of questions.
7  So in any scheduling order, is it your desire to set the
8  matter for trial?
9         MR. LACY:  At this point, Your Honor, I think it
10 would be appropriate to set a discovery schedule.  I don't
11 know if we need to set a trial date as of yet, but, again,
12 having the defendant file responsive pleadings and get the
13 issues joined and then moving into discovery I think is
14 appropriate at this time.
15        THE COURT:  Well, so how long do you think your
16 discovery period should last?
17        MR. LACY:  Your Honor, at this point, I think seven
18 to nine months would be appropriate to issue discovery and
19 take care of that.
20        THE COURT:  So, you know, for my information, what
21 type of discovery do you see?  I mean, are there persons to
22 depose?  What is engaged in the -- what is involved in this
23 case, you believe, in terms of discovery?
24        MR. LACY:  Well, Your Honor, the complaint asserts
25 two claims under two separate federal statutes.  Of course,

1    we've asserted that Bristol Virginia's operation of the
2    landfill has violated those two statues.
3            One is the Clean Air Act, and the other is referred
4    to as RCRA.  If I may, I'm forgotten what the acronym stands
5    for.  Give me one moment.
6            It is the --
7            THE COURT:  Well, I'm familiar with the statute.
8            MR. LACY:  Yeah, Resource Conservation Act.  So
9    under those statutes, in order to prove our case, we will
10   need to engage in document discovery as it relates to reports
11   and other information that the defendant has with respect to
12   its operation of the landfill; testing that it's engaged in,
13   or failed to engage in; reports, both external and internal,
14   that it has made with respect to operations at the landfill;
15   and other matters, other documents that would help us prove
16   up the violations of the statutes at issue.
17           Additionally, as it relates to remedies, we've
18   sought monetary damages as well as preliminary injunctive
19   relief, which has been entered, and a permanent injunction to
20   ensure compliance with the federal statutes moving forward.
21           Now, as part of the preliminary injunction, the
22   Court did order cessation of the acceptance of waste at the
23   landfill and also closing the landfill, and that is a process
24   that we would want to take discovery on to make sure we
25   understand exactly what the defendant is doing to comply with

1   that portion of the preliminary injunction order.
2          So at a high level it's document discovery to
3   support our claims.  Obviously, that will go along with
4   depositions of city officials as well as seeking documents
5   and information to ensure compliance with the preliminary
6   injunction order.
7          THE COURT:  Well, you also assert a nuisance claim,
8   which I assume might be, at least, a jury issue.  You also
9   make a demand for a jury issue.  Of course, much of the
10  relief you seek is injunctive relief that would be in the
11  hands of the Court, but it seems to me that's an issue that
12  you need to think about in terms of a trial.
13         Let me go through some of the individual elements of
14  the preliminary injunction and see where we are from your
15  point of view.
16         Now, number 1 was to install a sidewall odor
17  mitigation system around the perimeter, which was recommended
18  in the expert report dated April 25th by a panel.  It was
19  agreed that that would be within a year of the entry of the
20  injunction.  So I guess that's something that won't be
21  completed within the time frame of your discovery period.
22         Number 2 was install a dedicated system of
23  thermocouples in the waste mass to monitor the landfill
24  temperatures, and that deadline is September 12.
25         Then next, number 3, cease acceptance of all waste

1  in the landfill.  Again, that would be September 12.
2         Number 4, install a cover sufficient to meet the
3  cover requirements of the Virginia Solid Waste Management
4  regulations, and that's September 12.
5         Then a report to the city setting forth how Bristol,
6  Virginia, will accomplish the other recommendations of the
7  expert report, including the permanent closure of the
8  landfill, and that's due August 13.
9         Now, there is also a provision that Bristol,
10 Virginia, would pay Bristol, Tennessee, $250,000 no later
11 that July 10.  Has that been accomplished?
12         MR. LACY:  It has, Your Honor.
13         THE COURT:  All right.  Well, let me hear from
14 Mr. Guynn for the city and see what he has to say about these
15 items.
16         Mr. Guynn, first off, when can you file a response
17 to the complaint?
18         MR. GUYNN:  Twenty-one days, Your Honor.
19         THE COURT:  Okay.  How do you see this litigation
20 proceeding?  Counsel for the plaintiff has suggested seven to
21 nine months for discovery, and I assume thereafter we would
22 see where we were and if trials, or a trial, would be
23 necessary.
24         MR. GUYNN:  Your Honor, my client has devoted its
25 attention in the matter, certainly for the last quite a few

1   months, to try to solve it.
2           As far as having given thought to discovery, with
3   the deadlines that are in the preliminary injunction order,
4   to the extent that there is any discovery that's going to
5   pertain to that, we haven't gotten to them yet.  I would
6   submit to the Court that our hope and our intent is to comply
7   with the order and the agreement we have made, and there
8   shouldn't be a need --
9           THE COURT:  Right.  I understand that, but I guess
10  complying with the preliminary injunction is not necessarily
11  the end of the case.
12          I mean, it's up to the parties, obviously, but I
13  don't hear from your opposing counsel that once these dates
14  have been complied with they're going to walk away from this
15  lawsuit.  I mean, maybe they will, but I don't know that.
16          MR. GUYNN:  We haven't heard that either, Your
17  Honor.  Our hope is that we will be able to encourage them as
18  we go along and get to that point.
19          THE COURT:  Well, maybe, but I would think that they
20  would like the -- the fact that you're under injunction and a
21  lawsuit, even if you comply with the preliminary injunction,
22  I mean, one of the items of the preliminary injunction is a
23  year off, so that's a long time.
24          MR. GUYNN:  It is a long time, Your Honor.  That's
25  sort of the reason that we're hopeful that by giving us the

1  opportunity to focus on getting those dates met as opposed to
2  also focusing on defending a multiple-page and multiple-count
3  civil action, that that would be best for the citizens from
4  the standpoint of --
5              THE COURT:  Well, let me ask you this:  How is the
6  city coming with these deadlines that are -- I mean, one of
7  them is a report that's due August 13, and the others are
8  September 12, except the long one, one year.  So is the city
9  going to be able to comply with all of those?
10             MR. GUYNN:  We think we will with the report.  As
11 far as getting to -- as far as completing everything in the
12 report, it's going to be very ambitious to get it done by
13 then.
14             THE COURT:  I'm just, you know, thinking ahead here.
15 Maybe you can work this out, but now that the case is in my
16 lap, I feel an obligation to manage it.  In other words, I'm
17 not going to just sit back and say, "Well, whatever happens,
18 that's okay.  It doesn't matter."
19             I think I have an obligation as a judicial officer
20 to move this case along.  And it does have, obviously, a
21 public aspect to it, and I have the reputation of the court
22 to uphold too, you know.
23             MR. GUYNN:  And I'm certainly not suggesting
24 otherwise.
25             THE COURT:  What I'm saying, I guess, is that I'm

1  going to take seriously failures to comply with orders of the
2  Court without, you know, some explanation and so on.
3         You just can't rely necessarily on some handshake
4  with the other side to just forget everything and move along.
5  Not that I'm suggesting that Bristol, Tennessee, do that.
6  After all, they've gone to some difficulty to file this
7  lawsuit.  I expect they're going to insist upon things moving
8  along, and I will too I guess is what I'm saying.
9         MR. GUYNN:  I don't disagree, and we certainly
10 expect that, Your Honor.  But we also are going to be subject
11 to the vagaries of the times.
12        For example, the thermocouples, we've already been
13 informed there is a part of it that is going to be difficult
14 under the supply chain problems that are going on, and until
15 we know more -- and the bids aren't due yet -- we're not able
16 to go into much more detail other than to say we've been told
17 by folks who have come to a prebid meeting that that's going
18 to be problematic.
19        But if we get bids, we're in great shape because
20 we'll have someone who is committed to do it.  If we don't,
21 we will be back here explaining to the Court what the problem
22 is and how we hope to solve it with a request that the Court
23 amend the order.
24        So we understand how -- we understand where we are
25 in this and what we need to do and how we're going to do it.

1          THE COURT:  Well, I would just urge you to think
2    carefully about requests to move deadlines and, you know, be
3    able to adequately explain to me, who is obviously not an
4    expert, why things need to be moved, if they need to be
5    moved, so that I can make an independent judgment in that
6    regard.
7          MR. GUYNN:  Well, I would submit that to the extent
8    it's within our sole control, we won't have a problem.  It's
9    going to be to the extent that we have to contract out to get
10   things done.
11         For example, ceasing taking waste at the landfill,
12   that's within our control.  That won't be a problem.  Getting
13   bids in for installing thermocouples and that sort of thing
14   may be a problem.  We don't know yet.  We've been forewarned
15   that it's a possibility of a problem.
16         If we can get the bids in, great; if not, we
17   certainly will present to the Court appropriate
18   documentation, so to speak, as to why it can't be done, if it
19   can't.
20         THE COURT:  Well, you know, I hope very much that
21   everything goes well and that the parties are satisfied with
22   the progress and that, you know, there comes a point where
23   the Court can back out of this matter.  But, again, while
24   it's in court, I just emphasize that I want to move it along.
25         I guess, you know, if we're really heading toward a

1  trial, and perhaps we are; perhaps we aren't.  I don't know.
2  Obviously, the parties have a right to settle the matter, but
3  if we are, I think we need to be looking towards that.
4          I think there needs to be a discovery period, and I
5  agree it probably is unwise to set a trial date at this time,
6  but I think a discovery period -- of course, the City of
7  Bristol Virginia needs to keep in mind that we may be headed
8  to trial.  So there needs to be discovery on their side also,
9  I suppose, although I'll obviously leave that to you.
10         My idea, frankly, is to fix a period of discovery
11 and then see where we are.  Not include designation of
12 experts necessarily in that period of time, but a period for
13 discovery and then a period of designation of experts and
14 setting a trial date.  Again, we'll have to see where we are
15 at that point.
16         MR. GUYNN:  That's certainly acceptable to the City
17 of Bristol Virginia, Your Honor.
18         THE COURT:  Okay.  Anything else, Mr. Guynn, you
19 want to say?
20         MR. GUYNN:  I can't think of anything.
21         THE COURT:  All right.  Well, what about, counsel,
22 if I enter an order setting a period of discovery of seven
23 months from today?
24         MR. LACY:  That's agreeable to the plaintiff.
25         THE COURT:  With a hearing after that period closes

```
 1   to see where we are, and we can schedule that at a later
 2   time.  Then we would, again, see if it's time to set a trial
 3   date.
 4           MR. GUYNN:  That's agreeable.
 5           THE COURT:  Mr. Guynn, I'll give you 21 days from
 6   today to file a response to the complaint.
 7           MR. GUYNN:  Thank you, Your Honor.
 8           THE COURT:  So is there anything else that we need
 9   to take up?
10           Again, I would urge counsel, if there are problems
11   or issues, to advise the Court.  Again, I'm going to be
12   interested in where we go in the case, so you need to let me
13   know if there are any problems, issues, questions, so that we
14   can have a hearing or hearing on the telephone or by Zoom and
15   resolve them.
16           MR. LACY:  Thank you, Your Honor.  We'll make sure
17   the Court is updated.
18           THE COURT:  All right.  Well, if there is nothing
19   further, I will enter an order.
20           Thank you, counsel.  If there is nothing further,
21   we'll adjourn court.
22           (The proceedings concluded at 2:54 p.m.)
23                           CERTIFICATION
24
25       I certify that the foregoing is a correct transcript
```

Cynthia L. Bragg, Official Court Reporter

```
1   from the record of proceedings in the above-entitled matter.
2
3
4                  _____/s/_____
5                         Cynthia L. Bragg
6                          July 28, 2022
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Cynthia L. Bragg, Official Court Reporter