## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON  DIVISION

| | | |
|---|---|---|
| **THE CITY OF BRISTOL, TENNESSEE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22CV00023 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **THE CITY OF BRISTOL, VIRGINIA,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Michael E. Lacy* and *Andrea W. Wortzel*, TROUTMAN PEPPER HAMILTON SANDERS LLP, *Richmond, Virginia, and E. Lynn Dougherty, Bristol, Tennessee, for Plaintiff; Erin B. Ashwell, John D. Adams, and Justin D. Howard,* MCGUIREWOODS LLP, *Richmond, Virginia, for Defendant.*

Defendant The City of Bristol, Virginia (Bristol Virginia) has moved for an extension of time to comply with certain of the Court's directions set forth in an agreed Preliminary Injunction Order entered June 14, 2022. Plaintiff The City of Bristol, Tennessee (Bristol Tennessee) objects to any extension. Following a hearing on the issues, and as explained herein, I will grant the motion, subject to certain conditions.

### I.

Bristol Tennessee filed suit on May 26, 2022, seeking injunctive relief and an award of monetary damages arising from Bristol Virginia's operation of a solid waste management facility (referred to herein as the Landfill) that produces

"pervasive and noxious" odors, Compl. 2, ECF No. 1, causing injury to Bristol Tennessee and its residents, employees, and visitors.  It contended that Bristol Virginia had not complied with state and federal requirements as to such operation and had failed to follow the recommendations of a panel of experts convened by the Virginia Department of Environmental Quality, which had issued a report setting forth its findings and recommendations on April 25, 2022.  Compl. Ex. 3, Expert Panel Rep., ECF No. 1-4.  Accompanying the Complaint, Bristol Tennessee filed a motion seeking an expedited preliminary injunction requiring Bristol Virginia to take certain steps in accord with the experts' recommendations, as follows:

1. Install a sidewall odor mitigation system around the perimeter of Defendant's [Landfill];

2. Install and monitor a dedicated system of thermocouples in the waste mass to monitor Landfill temperatures;

3. Cease accepting waste at the Landfill;

4. Provide adequate cover of the waste at the Landfill; and

5. Submit a report within sixty days detailing how the other recommendations of the Expert Panel Report: Bristol Integrated Solid Waste Management Facility, Bristol, Virginia, dated April 25, 2022, will be accomplished.

Expedited Mot. Prelim. Inj. 1, ECF No. 2.

On June 14, 2022, following negotiations between the parties, the two cities filed a Stipulation jointly requesting the Court to enter a preliminary injunction directing Bristol Virginia to comply with certain of the remedial steps referred to in

the Expert Report, with deadlines for each such requirement.  In the Stipulation, Bristol Virginia agreed that there was good cause for the Court to direct these measures.  The Court entered a Preliminary Injunction that same day, requiring Bristol Virginia to take the following actions:

1. Install a sidewall odor mitigation system around the perimeter of Defendant's [Landfill] in accordance with the Expert Panel Report: Bristol Integrated Solid Waste Management Facility, Bristol, Virginia, dated April 25, 2022 (the "Expert Report"), attached to the Complaint herein as Exhibit 3, within 365 days of entry of this Preliminary Injunction Order;

2. Install a dedicated system of thermocouples in the waste mass to monitor Landfill temperatures in accordance with the Expert Report within 90 days of entry of this Preliminary Injunction Order, and conduct such monitoring until the Landfill is permanently closed;

3. Cease the acceptance of all waste at the Landfill within 90 days of entry of this Preliminary Injunction Order;

4. Install cover sufficient to meet the intermediate cover requirements of the Virginia Solid Waste Management Regulations (9 VAC § 20-81-140.B.1.d) within 90 days of entry of the Preliminary Injunction Order;

5. Submit a report to Bristol TN setting forth how Bristol VA will accomplish implementation of all other recommendations of the Expert Report, including the permanent closure of the Landfill, within 60 days of entry of this Preliminary Injunction Order; and

6. Allow Bristol TN and its agents access to the Landfill to confirm compliance with the above actions, upon reasonable notice and during regular business hours.

Prelim. Inj. 2, ECF No. 8.

At the request of Bristol Tennessee, the Court held a status hearing with the parties on July 20, 2022. At the hearing, the Court emphasized that it intended to enforce the requirements of the Preliminary Injunction. Hr'g Tr. 11–13, ECF No. 16. Former counsel for Bristol Virginia replied that "we certainly expect that," but he also indicated that it might be "difficult" and "problematic" to comply with the deadline relating to the thermocouples, because of "the supply chain problems." *Id.* at 12. At that time, Bristol Virginia's bid invitations for the necessary equipment and services were not yet due to be returned. *Id.*

In the present motion filed August 19, 2022, Bristol Virginia seeks to extend the deadlines for two of the requirements of the Preliminary Injunction — the installation of the thermocouples system from September 12, 2022, to March 15, 2023, and the performance of the intermediate cover requirement from September 12, 2022, to October 10, 2022. The grounds for each requested extension are different. As to the thermocouples, Bristol Virginia contends that following the completion of the design, it issued a request for bids from contractors for the construction and installation of the system on July 8, but only received one bid, which was unresponsive in that it did not contain a provision for a bid bond. Bristol Virginia thus asserts that a further bid invitation process is necessary. It is concerned that this necessity and further possible supply chain issues may delay the completion into 2023.

As to the cover requirement, Bristol Virginia asserts that the unusually rainy August and a COVID-19 outbreak among its employees has caused a delay that necessitates an extension.

At the hearing on the present motion on August 25, 2022, the Court heard the testimony of Randall C. Eads, the Bristol Virginia City Manager, and Michael G. Williams, a geologist and staff member at WSP Golder, an environmental consulting firm that is advising Bristol Tennessee. Mr. Williams was a member of the panel that issued the Expert Report.

## II.

In its objection to the extensions, Bristol Tennessee contends that Bristol Virginia has simply not taken seriously the requirements of the Court's injunction and has accordingly failed to obtain the available resources necessary to comply. Bristol Tennessee's witness, geologist Williams, testified that based on his recent site visit and measurements, Bristol Virginia was even further behind than it claimed in meeting the intermediate cover requirement, with the required cover of 12 inches only present in a small portion of the landfill.[1] He suggested that trucks with a larger load capacity would more quickly deliver the necessary soil cover. Based on his

---

[1] State regulations require "[d]aily cover consisting of at least six inches of compacted soil or other approved material . . . upon and maintained on all exposed solid waste prior to the end of each operating day," and "[i]ntermediate cover of at least six inches of additional compacted soil . . . whenever an additional lift of refuse is not to be applied within 30 days." 9 Va. Admin. Code § 20-81-140(B)(1)(c), (d).

investigation, he also believed that the necessary thermocouple devices and casing were available sooner than Bristol Virginia represented.

Counsel for Bristol Tennessee asserts that Bristol Virginia's decision to use its existing employees and equipment to meet the cover requirement was mistaken and an indication of its failure to treat the Court's injunction with the seriousness it requires. It is argued that Bristol Virginia is wrong in its insistence on following routine bid processes for the thermocouples equipment, in light of the emergency presented by the landfill issues and the Court's injunction.

On the other hand, Bristol Virginia claims that the unforeseen circumstances justify its requested extensions and that it is taking seriously its obligations. It rejects the argument that it should ignore the bidding process, which it contends is important for the protection of public financial accountability, even if not required by law.

The parties appear to agree that the thermocouples requirement involves a significant part of a long-term plan to control the odor problem by measuring the landfill temperatures at various levels. Expert Panel Rep. 16, ECF No. 1-4 ("The Panel concluded capturing odors near [the] surface while feasible is not the only critical concern. Elevated temperatures within the Landfill appears [sic] to be a major source of the odors and must be addressed to avoid long-term persistence."). The cover issue appears to arise from the Expert Report's finding that while the odors are "primarily emanating from the Landfill /quarry sidewalls suggesting that

the sidewall liner has been compromised[,] . . . [a]ir intrusion caused by insufficient daily cover . . . appears to be resulting in non-ideal concentrations of $O_2$ in the waste mass." *Id.* at 7.  According to the testimony at the hearing, the intrusion of oxygen into the waste may cause temperatures to rise, thus producing more problems. Moreover, the regulations recognize that cover is necessary to control odors.  9 Va. Admin. Code § 20-81-140(B)(1)(c).

### III.

Based upon the evidence before me, I find that Bristol Virginia should have anticipated the problems it now faces before agreeing to the strict deadlines of the injunction.  While there is no doubt that there has been considerable rainfall since the injunction was entered into in mid-June, weather conditions are frequently a concern in any construction project, and Bristol Virginia did not condition its agreement to any flexibility in that regard.  Moreover, the possible effects of COVID-19 on a work force were well known to all at the time of the injunction. Similarly, it surely could have been anticipated that the bid process might require re-bidding based on a paucity of interested bidders or, as occurred, a failure of a single bidder to comply with the bid documents.  I am also concerned, based on Mr. Williams' testimony, that the cover work already performed is inadequate, regardless of any delay based on weather or COVID-19.  That evidence does not bode well for future efforts to comply with the intermediate cover requirement.

Nevertheless, notwithstanding these findings, it is appropriate to extend the deadlines.  I believe that Bristol Virginia has proceeded in good faith even in light of its deficiencies.   At least at this stage, it is in order to grant an additional opportunity for Bristol Virginia to meet the requirements of the Court's injunction, subject to the conditions set forth below.

Accordingly, it **ORDERED** as follows:

1. The Motion to Extend Deadlines in Preliminary Injunction, ECF No. 24, is GRANTED IN PART;

2. The deadline for the accomplishment of the intermediate cover requirement of the Preliminary Injunction is extended to October 10, 2022, subject to conditions set forth herein;

3. The deadline for the installation of a dedicated system of thermocouples as required by the Preliminary Injunction is temporarily vacated and the appropriate deadline is subject to further submissions by the parties and further consideration by the Court;

4. As a condition of the intermediate cover deadline extension set forth above, Bristol Virginia must file with the Court on the public docket of this case a written report within 14 days of the entry of this Opinion and Order setting forth its efforts to accelerate the approved soil deposit on the landfill, taking into account the measures suggested by Mr. Williams, the

witness for Bristol Tennessee, including larger equipment, more employees, and overtime work.  Such report must also certify to the Court the percentage of the total landfill containing the required 12-inch cover as of the date of the report.  Bristol Tennessee may reply to the report within 7 days thereafter.  Based on such report, the Court may require additional reporting;

5.   As a condition of the thermocouples deadline extension set forth above, Bristol Virginia must file with the Court on the public docket of this case a written report within 14 days of the date of entry of this Opinion and Order setting forth in detail the timeline of its intended bid process and available options for expediting the installation of the thermocouples system.  Bristol Tennessee may reply to the report within 7 days thereafter. The Court will thereafter determine a new deadline date; and

6.  Bristol Virginia must reimburse Bristol Tennessee its attorneys' fees and expenses incurred as a result of Bristol Virginia's motion to extend the deadlines.

ENTER:  August 31, 2022

/s/  JAMES P. JONES
Senior United States District Judge