IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **THE CITY OF BRISTOL, TENNESSEE,** )<br>)<br>Plaintiff,  )<br>)<br>v.    )<br>)<br>**THE CITY OF BRISTOL, VIRGINIA,**  )<br>)<br>Defendant.  )<br>) | **Case No. 1:22CV00023** |

**PLAINTIFF'S REPLY**
**TO DEFENDANT'S STATUS REPORT**

Plaintiff, the City of Bristol, Tennessee ("Bristol TN" or "Plaintiff"), by and through counsel, hereby submits this reply to Defendant, the City of Bristol, Virginia's ("Defendant" or "Bristol VA") Status Report (ECF No. 44, hereinafter "Report").

**INTRODUCTION**

Bristol TN remains frustrated at the slow pace with which Defendant is addressing the requirements set forth in the Court's Preliminary Injunction Order (ECF No. 8). While Bristol TN understands that Defendant is now making efforts to expedite its efforts, in some instances it is too late to overcome Defendant's prior poor decisions, which made it inevitable that Defendant would not achieve the agreed-to deadlines in the Preliminary Injunction Order. In other instances, Defendant continues to make choices that draw out implementation. For both reasons, Bristol TN requests that this Court order that Defendant provide written status reports as to Defendant's efforts to comply with not only the intermediate cover and thermocouple installation requirements, but also the other requirements outlined in the Preliminary Injunction Order.

## **INTERMEDIATE COVER**

Bristol TN requests that the Court order Defendant to submit an additional status report on or before October 10, 2022 confirming that intermediate cover, consisting of 12 inches of clean soil, is present throughout the Landfill. Upon receipt of this report, Bristol TN's consultant, Golder Associates, shall inspect the intermediate cover at the Landfill to determine whether the intermediate cover requirement has been satisfied.[1] Bristol TN also suggests that Defendant's consultant, SCS Engineers, be present during the inspection.

## **INSTALLATION OF THERMOCOUPLES**

As noted above, Defendant has selected the longest possible timeframe for installation of the thermocouples with limited explanation as to why the other options available cannot be pursued. Option E, which involves Defendant procuring the probe casing pipe and instrumentation itself while the procurement process for the installation is underway, presents an expeditious and effective option. Defendant states that the option of procuring the probe casing pipe prior to execution of the contract "introduces potential risks because all materials, parts, appurtenances, fittings, and supplies needed by the contractor to successfully accomplish the probe construction may not be easily attainable." Exhibit 1 to Report at p. 3. However, Defendant does not explain why these risks are any different or greater than under Option A. In other words, if these materials are not easily attainable, this is a risk regardless of whether the contractor or the Defendant procures them. In fact, it would be better for Defendant to initiate the process of obtaining the probe casing pipe earlier in the process to avoid potential delays on the back end if they are in fact difficult to obtain.

---

[1] This inspection is authorized by the Preliminary Injunction Order. *See* ECF No. 8, at p. 2.

Similarly, Defendant posits that procuring the instrumentation at the same time that drilling is taking place creates "potential risks" about the potential for "excess length of temperature measurement instrumentation." Exhibit 1 to Report, at pp. 3-4. Here again, there is no explanation as to why the risk of "excess length" is greater than the risk posed by the additional delay of 4 – 7 weeks that will occur if the instrumentation is procured after drilling occurs. In fact, it appears that it would be more efficient to have the instrumentation in hand to inform the drilling process. Moreover, it is Bristol TN's understanding, based on a review of the websites of the instrumentation manufacturer, that the digital cables associated with the instrumentation can be easily trimmed, demonstrating that "excess length" does not pose a risk. *See, e.g.,* https://www.beadedstream.com/a-guide-to-thermistor-strings/

Based on the above, Bristol TN requests that the Court order that Defendant implement Option E and complete the installation of the thermocouples by December 31, 2022. The Court also should order Defendant to submit monthly progress reports to ensure that Defendant remains on task.

## SIDEWALL ODOR MITIGATION SYSTEM

The Preliminary Injunction Order also requires Defendant to install a sidewall odor mitigation system by June 14, 2023. *See* ECF No. 8, at p. 2. To date, there has been no information or update as to whether Defendant is taking the actions necessary to meet that deadline. Given Defendant's failure to adequately implement the above tasks, Bristol TN respectfully asks that this Court order Defendant to submit monthly status reports regarding implementation of this system so that potential delays can be avoided.

## OTHER TASKS

The Preliminary Injunction Order required Defendant to submit a report regarding its plans to implement the other recommendations found in the Expert Report. *Id*. While Defendant submitted such a report, it does not contain sufficient detail regarding the time in which the tasks will be undertaken. Rather, the tasks were put into categories of "short term" and "long term" with generalized date ranges. Similarly, the report contained generalized statements about Defendant hiring various consultants to assist it with certain tasks, such as developing a community engagement strategy, without any specific timelines or details about implementation. Given that the Expert Report indicates that all of these steps are necessary for closure of the Landfill to occur, their expeditious completion is important for addressing the issues at the Landfill. Accordingly, Bristol TN respectfully requests that this Court order Defendant to include an update on those tasks in its monthly status reports.

## CONCLUSION

For the reasons stated herein, the Court should order Defendant to provide monthly status reports on its progress in satisfying all of the requirements of the Preliminary Injunction Order, as outlined above. Additionally, the Court should order Defendant to implement Option E relating to the installation of the thermocouples and order completion of this requirement by December 31, 2022.

September 20, 2022

        Respectfully submitted,

        */s/ Michael E. Lacy*
        Andrea W. Wortzel (VSB No. 40342)
        Michael E. Lacy (VSB No. 48477)
        Viktoriia De Las Casas (VSB No. 89105)
        Emily Guillaume (VSB No. 96143)
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        1001 Haxall Point
        Richmond, VA 23219
        Telephone: (804) 697-1200
        Facsimile: (804) 697-1339
        andrea.wortzel@troutman.com
        michael.lacy@troutman.com
        viktoriia.delascasas@troutman.com
        emily.guillaume@troutman.com

        E. Lynn Dougherty (VSB No. 20558)
        131 8th Street
        Bristol, TN 37620
        Telephone: (423) 764-1313
        Facsimile: (423) 968-2108
        dougherty@eldlaw.com

        *Counsel for Plaintiff The City of Bristol, Tennessee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, I caused the foregoing to be filed with the Clerk of the U.S. District Court for the Western District of Virginia using the Court's CM/ECF system, which will electronically serve copies of the same on counsel for all parties.

>*/s/ Michael E. Lacy*
>
>*Counsel for Plaintiff, The City of Bristol, Tennessee*

130127314