## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| **THE CITY OF BRISTOL, TENNESSEE,**    )<br>     Plaintiff    )<br>    )    Civil Action No: 1:22cv00023<br>v.    )<br>    )<br>**THE CITY OF BRISTOL, VIRGINIA**    )    **ORDER**<br>     Defendant    )    By: PAMELA MEADE SARGENT<br>    )    United States Magistrate Judge<br>    ) | |

This case has been referred to the undersigned for a settlement conference. *All parties* and their lead counsel are hereby **ORDERED TO APPEAR before the undersigned, United States District Court, 180 West Main Street, Abingdon, Virginia, at 10:00 a.m. on March 14, 2023.** An insured party shall appear by a representative of the insurer who is authorized to discuss and make recommendations relating to settlement. An uninsured corporate or municipal party shall appear by a representative authorized to discuss and make recommendations relating to settlement.

Experience teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. **Accordingly, *before arriving* at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals, other than an initial offer and demand, shall be made.** If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

Each party shall provide the undersigned, in confidence, a concise written

statement of the issues to be decided in the case and the evidence the party expects to produce at trial **by or before March 7, 2023.** The statements also *shall outline the settlement negotiations* to date. **If these statements are not submitted to the undersigned by 12:00 p.m. on March 7, 2023, the conference will be canceled. The conference will be rescheduled at the Court's convenience only after receipt of the statements.**

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached.

At the settlement conference, the parties will be given an opportunity to jointly discuss the factual and legal highlights of their case. Then separate, confidential caucuses will be held with each party and the party's representative(s). *Attached* is an outline for the parties to review prior to the settlement conference to make the best use of the time allotted.

**The requirement for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference**, by reducing the time for communication of offers and expanding the ability to explore options for settlement.

**If, prior to the settlement conference, counsel for any party or any party learns that the requirements of this Order will not be met, or determines that settlement is not reasonably possible, then such person shall initiate a telephone conference with the settlement conference judge at 276/628-6021 and opposing counsel or party to discuss whether the settlement conference should be canceled or postponed.** Any such telephone conference must be sought soon enough so that the fees and expenses incurred in connection with convening the settlement conference can be

avoided – **at least two court days before the date scheduled for the settlement conference. Any party who does not appear as required is advised that a failure to appear may result in the fees and expenses of the appearing party being assessed against the nonappearing party.**

If a party appears at the settlement conference without having complied with the requirements of this Order, then the Court may cancel the settlement conference and assess against the noncomplying party, attorney, or both, the fees and expenses incurred by the other parties in attending the settlement conference and the expenses incurred by the Court in attending the settlement conference.

**IT IS ORDERED**.

Dated:	January 10, 2023.

/s/ <i>Pamela Meade Sargent</i><br>UNITED STATES MAGISTRATE JUDGE

## *SETTLEMENT CONFERENCE PREPARATION*

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aide in the effectiveness of this settlement conference.

A. <u>FORMAT</u>

    1. Parties with ultimate settlement authority must be personally present, unless excused by the Court.

    2. The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

    3. Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the Court so a conference call to discuss options can be arranged. Have you discussed these options with your client?

B. <u>ISSUES</u>

    1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

    2. What remedies are available resulting from this litigation or otherwise?

    3. Is there any ancillary litigation pending/planned which affects case value?

    4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

    5. Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

C. <u>AUTHORITY</u>

    1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the Court immediately with this information.

    2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the Court immediately with this information.

D.     **NEGOTIATIONS**

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

E.     **CLOSING**

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

5. If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.