# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **THE CITY OF BRISTOL, TENNESSEE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22CV00023 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **THE CITY OF BRISTOL, VIRGINIA,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Michael E. Lacy and Andrea W. Wortzel, TROUTMAN PEPPER HAMILTON SANDERS LLP, Richmond, Virginia, and E. Lynn Dougherty, Bristol, Tennessee, for Plaintiff; John D. Adams, and Justin D. Howard, MCGUIREWOODS LLP, Richmond, Virginia, for Defendant.*

The question before the Court is whether to approve the settlement between The City of Bristol, Tennessee (Bristol Tennessee) and The City of Bristol, Virginia (Bristol Virginia) arising from Bristol Virginia's operation of its solid waste landfill.

I.

Bristol Tennessee filed this case on May 26, 2022, alleging that Bristol Virginia had violated and is continuing to violate the Clean Air Act (CAA), 42 U.S.C. §§ 7401–7671q, and the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6901–6992k, as well as committing a common law nuisance. The Complaint alleged the following facts.

Bristol Virginia owns and operates a Virginia Department of Environmental Quality (VDEQ)-permitted landfill, designated as the SWP 588 Integrated Solid Waste Management Facility, located at 2655 Valley Drive, Bristol, Virginia. The landfill is in an abandoned rock quarry approximately one thousand feet from Bristol Tennessee.[1]  Since late 2020, noxious odors have emanated from the landfill. The odors have been described as "putrid and noxious, including odors of chemicals and gas." *Id.* ¶ 121.  It is claimed that these odors have impacted Bristol Tennessee's ability to provide services to its residents.  Staff and firefighters at two Bristol Tennessee fire stations located near the landfill have complained of nosebleeds, headaches, and nausea, and have asked to transfer to other stations.  Teachers and students at several Bristol Tennessee schools have experienced health issues, as well as employees and citizens at a municipal community center.  As a result, Bristol Tennessee has spent funds on air purifiers and air testing in the community.

It was further alleged that the smell has undercut Bristol Tennessee's campaign to attract and keep businesses and residents.  Thousands of odor complaints have been logged and those affected have reported experiencing migraines, respiratory irritation, nausea, fatigue, and other health conditions.  In

---

[1] The two cities are contiguous.  Famously, the Tennessee-Virginia state line runs down the main throughfare, State Street.  Bristol Chamber of Commerce, *Discover Bristol: Downtown Bristol*, https://discoverbristol.org/signature_experience/downtown-bristol/ (last visited August 25, 2023).

March of 2022, the VDEQ convened an expert panel to "address the ongoing violations, mitigate the noxious odors coming from the Landfill, and develop plans for closing the Landfill." *Id.* at 2–3. That panel issued its report on April 25, 2022, recommending that Bristol Virginia take specific actions to address the landfill odors.

Bristol Virginia asserted its intent to cooperate in finding solutions to the landfill issues and by agreement of the parties, this Court entered a preliminary injunction on June 14, 2022, directing Bristol Virginia to perform the recommended remedial actions, including stopping the acceptance of further landfill waste and installing a sidewall mitigation system around the perimeter of the landfill. As far as has been reported, the deadlines for these remedial actions were met.[2]

On March 28, 2023, following suit against Bristol Virginia by the Attorney General of Virginia, the Circuit Court for the City of Richmond, Virginia, entered a consent decree imposing on Bristol Virginia remedial requirements in accord with the April 25, 2022, expert panel report (hereafter, the State Court Order).

---

[2] Over the objections of Bristol Tennessee, the Court did extend the deadlines for two of the requirements imposed in the temporary injunction — installing thermocouples to monitor landfill temperatures in the waste mass and covering the landfill surface with clean dirt to meet the VDEQ "intermediate" cover requirements. *City of Bristol, Tenn. v. City of Bristol, Va.,* No. 1:22CV00023, 2022 WL 6702181 (W.D. Va. Aug. 31, 2022). I also required Bristol Virginia to compensate Bristol Tennessee for its attorneys' fees and expenses because of the motion to extend the deadlines. *Id.* at *4.

Following a mediation session held on March 14, 2023, conducted by U.S. Magistrate Judge Pamela Meade Sargent, the parties agreed upon a settlement to be incorporated in a Consent Order. Because the record in the case detailed the broad public interest in the subject of this lawsuit, I determined that it was appropriate to hold a public hearing to better inform the court. The widely advertised hearing was held on June 13, 2023. After comments and testimony, the parties requested that I reserve ruling until the U.S. Department of Justice and the U.S. Environmental Protection Agency had received notice of the proposal. The parties now represent that the notice period has expired without intervention of the federal agencies, and request that the Court proceed to rule.

II.

I must examine the proposed settlement and determine if it is "fair, adequate, reasonable, and in the public interest." *United States v. Williams Olefins, LLC*, No. 19-465-SDD-EWD, 2021 WL 1118733, at *3 (M.D. La. Mar. 24, 2021). This is particularly true where the federal lawsuit involves the enforcement of a federal statute such as the CAA or the RCRA, in which case the settlement "must be consistent with the public objectives sought to be attained by Congress." *Id.* (internal quotation marks and citation omitted).

On the other hand,

> [b]ecause a consent decree "is not a decision on the merits or the achievement of the optimal outcome for all parties, but is the product

-4-

> of negotiation and compromise," *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990), a court should not inquire "whether the settlement is one which the court itself might have fashioned, or considers as ideal," *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990).

*City of Colton v. Am. Promotional Events, Inc.*, 281 F. Supp. 3d 1009, 1012 C.D. Cal. 2017) (full citation added).

Fairness encompasses both procedural and substantive fairness. *United States v. Hyundai Motor Co.*, 77 F. Supp. 3d 197, 199 (D.D.C. 2015). This requires a review of the parties' good faith, the opinions of counsel, the possible litigation risks, and whether it incorporates concepts of corrective justice and accountability. *Id.*

The proposed Consent Order is fair. There is no indication that the settlement was not reached by means of an arms-length, good faith process. The parties gave notice to the appropriate government agencies and were represented by experienced and competent attorneys. The City Councils of each party approved the terms of the proposed Consent Order. The Consent Order remedies the alleged violations and holds Bristol Virginia accountable. There is also a substantial risk of protracted and costly litigation if the settlement is not approved.

I also find the proposed Consent Order to be adequate, reasonable, and appropriate. "When assessing whether the consent decree is adequate, reasonable, and appropriate, courts focus on the extent to which the decree is confined to the

dispute between the parties and whether the decree adequately accomplishes its purported goal." *Id.* at 200 (internal quotation marks and citation omitted).

Here, the proposed Consent Order requires Bristol Virginia to remediate the harm caused by the Landfill in accord with the April 25, 2022, expert panel report. It also requires Bristol Virginia to take the steps necessary to obtain approval to permanently close the Landfill to prevent future harm. It incorporates the consent decree associated with the State Court Order. It grants Bristol Tennessee the right to inspect the Landfill. Furthermore, it adequately and appropriately compensates Bristol Tennessee for the expense it has accrued in its attempt to mitigate the impact of the odors for its citizens. Moreover, I also find that the Consent Order adequately, reasonably, and appropriately addresses public objectives sought to be attained by Congress through the applicable federal laws.

Finally, the public interest is served by avoiding expensive and lengthy litigation, costs that would be shouldered by the taxpayers of both cities.

### III.

For the foregoing reasons, the Court finds that the proposed Consent Order is fair, adequate, reasonable, appropriate, and in the public interest. The Consent Order will be entered herewith.

DATED: August 28, 2023

/s/  JAMES P. JONES
Senior United States District Judge