IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

ABINGDON DIVISION

| | | |
|---|---|---|
| **THE CITY OF BRISTOL, TENNESSEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22CV00023 |
| v. | ) | |
| | ) | |
| **THE CITY OF BRISTOL, VIRGINIA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### STIPULATION BETWEEN THE PARTIES
### AMENDMENT TO CONSENT ORDER

Pursuant to Section IV(3) of the Consent Final Order For Permanent Injunction and Other Relief, Plaintiff The City of Bristol, Tennessee ("Bristol TN"), by and through its undersigned counsel, and Defendant The City of Bristol, Virginia ("Bristol VA"), by and through its undersigned counsel, hereby stipulate as follows:

On January 26, 2026, the Circuit Court of the City of Richmond in *The Commonwealth of Virginia et al. vs. The City of Bristol, VA*, Case No. CL230000274-00 received and filed Notice of an amendment to the Consent Decree entered into between the Virginia Department of Environment Quality and the City of Bristol Virginia. (*See* **Exhibit 1**).  The parties to Case No. 1:22CV00023 are now stipulating to the same amendment to the Consent Order issued by this Court ("the Federal Consent Order").

The amendment extends the deadline for installation of the geomembrane cover over the Bristol landfill, also allowing flexibility to apply a geomembrane that is deemed acceptable for the landfill, as opposed to limiting the Bristol VA to an Ethylene Vinyl Alcohol ("EVOH")

Cover.  It additionally makes changes to testing and reporting requirements related to leachate

and settlement monitoring.  The relevant portion of Appendix A, attached to the Federal Consent

Order, is set forth below. The parties further stipulate that the amendments below supersede any

prior amendments, and that any references to EVOH, including in section IV, number 1 of the

Federal Consent Order, shall be amended to refer to geomembrane.

### Appendix A, Section 4 Leachate Extraction and Monitoring

ii.       Beginning January 1, 2026, sampling and analysis of leachate from existing and any new
dual-phase extraction wells will be conducted on a quarterly basis. A report on the analysis will
be submitted to VDEQ within 10 days of the monitoring period. Sampling and analysis of
leachate will transition to a semi-annual basis on January 1, 2027, and an annual basis on January
1, 2028.  These transitions in frequency shall only occur with VDEQ concurrence. Bristol will
continue to sample and analyze under the procedure set forth in the November 1, 2022 sampling
plan and the analysis will follow the same format that has appeared in every monthly
Compliance Report submitted to VDEQ for SWP 588 since November 2022. The only alteration
under this amendment is the frequency. Bristol shall submit to VDEQ an updated dual-phase
landfill gas extraction well leachate monitoring plan, currently dated November 1, 2022, to
memorialize the above changes.

### Appendix A, Section 6 Intermediate Cover and EVOH Cover System

iv.       Install an approved geomembrane system once an acceptable rate of settlement has been
reached. To determine an acceptable rate of settlement, Bristol shall conduct geomembrane
deployment suitability assessments ("Assessments") of SWP 588 based on the itemized
settlement criteria listed below. The Assessments shall initially follow a 90-day reporting period
(January 1 to March 31, April 1 to June 30, July 1 to September 30, October 1 to December 31)
and shall transition to a semi-annual reporting period (January 1 to June 30, July 1 to December
31) on January 1, 2026. Assessments will continue until the settlement rate is acceptable and the
geomembrane is placed. Transitions in Assessment frequency shall only occur with VDEQ
concurrence. Assessments are to be submitted to VDEQ within 10 business days after the
reporting period has ended. Bristol shall submit to VDEQ an updated settlement monitoring and
management plan, currently dated November 15, 2022, to memorialize the above changes.

A cumulative summary of all Assessments must be provided to VDEQ for concurrence, prior to
the determination of the type of geomembrane to use as the cover for SWP 588 and the decision
to proceed with the deployment of the selected geomembrane cover system. Bristol's cumulative
Assessment summary shall include a determination, applying the itemized criteria below, on
whether SWP 588 has reached an acceptable settlement rate to allow for safe deployment and
lasting service of the geomembrane cover system. Determination that SWP 588 has reached an
acceptable settlement rate shall require VDEQ concurrence. Rather than deploy a predetermined

type of geomembrane, Bristol shall confer with VDEQ to determine the appropriate type of geomembrane for the landfill conditions. Bristol shall properly deploy the selected geomembrane cover system within 12 months of VDEQ's concurrence, to be extended if VDEQ determines such extension is warranted. Bristol shall endeavor to properly deploy the geomembrane cover system as soon as practicable. Prior to the proper deployment of the geomembrane cover system, Bristol shall grade the interim cover surface of the landfill so that storm water runoff flows without build up and into storm water management (SWM) basins located at appropriate points on the surface of the landfill prior to and after placement of the geomembrane.

Geomembrane deployment suitability assessments of SWP 588 shall be based on the following settlement criteria:

- The rate of settlement is steady or decreasing and the strain rate is no more than 1% per year. Strain rate is defined here as the ratio of the change in vertical elevation of the surface of the waste per unit time at a given location to the vertical thickness of the waste at that location at the time the settlement plate was installed.

- Differential settlement in the landfill surface is no greater than 1:20 (vertical: horizontal) in all locations and no visible alterations in surface grade exist due to differential settlement that preclude flow of surface water to SWM basins.

- Surface cracks due to settlement have a width less than 1inch.

Bristol will meet with VDEQ each January to review and discuss the status of all actions in the Consent Decree.

IT IS SO ORDERED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE

Seen and Agreed To:


*/s/-Andrea W. Wortzel*

Andrea W. Wortzel (VSB No. 40342)
Michael E. Lacy (VSB No. 48477)
Viktoriia De Las Casas (VSB No. 89105)
Emily Guillaume (VSB No. 96143)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
andrea.wortzel@troutman.com
michael.lacy@troutman.com
viktoriia.delascasas@troutman.com
emily.guillaume@troutman.com

E. Lynn Dougherty (VSB No. 20558)
131 8th Street
Bristol, TN 37620
Telephone: (423) 764-1313
Facsimile: (423) 968-2108
dougherty@eldlaw.com

*Counsel for Plaintiff*
*The City of Bristol, Tennessee*


*/s/-Erin B. Ashwell*

John D. Adams (VSB No. 65203)
Justin D. Howard (VSB No. 94108)
Erin B. Ashwell (VSB No. 79538)
Christian E. Henneke (VSB No. 45457)
McGuire Woods LLP
Gateway Plaza
800 E Canal Street
Richmond, VA 23219
(804) 775-1000 (telephone)
jadams@mcguirewoods.com
jhoward@mcguirewoods.com
eashwell@mcguirewoods.com
chenneke@mcguirewoods.com

*Counsel for the Defendant*
*The City of Bristol, Virginia*